**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NERY MORALES-LOPEZ, | No. 25-3173 |
| Petitioner, | Agency No. A202-069-499 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026[**]

Before: RAWLINSON, MENDOZA, and DESAI, Circuit Judges.

Petitioner Nery Morales-Lopez is a native and citizen of Guatemala. He

petitions for review of the Board of Immigration Appeals ("BIA") decision

denying his application for cancellation of removal and voluntary departure. We

have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the Immigration Judge's ("IJ") and the BIA's decisions." *Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). In reviewing denials of discretionary immigration relief, we only have jurisdiction to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

1. We deny Morales-Lopez's petition as to his cancellation of removal application. A noncitizen who is otherwise "inadmissible or deportable" is eligible for cancellation of removal if they (1) have been physically present in the United States for a continuous period of ten years or more; (2) have been a person of good moral character during that time; (3) have not been convicted of certain enumerated offenses; and (4) "establish[ ] that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1); *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 999 (9th Cir. 2025). If a noncitizen meets these four statutory criteria, the agency "may exercise its discretion to cancel the alien's removal." *Gonzalez-Juarez*, 137 F.4th at 999.

Morales-Lopez argues that the BIA committed legal error by finding that he did not provide sufficient evidence that his qualifying relatives met the hardship

standard. But the IJ also denied Morales-Lopez's application for cancellation of removal on the ground that a prior assault conviction rendered him statutorily ineligible for cancellation of removal because it was a crime of domestic violence. Morales-Lopez does not challenge this independently dispositive finding, and his petition for review therefore fails. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not raised in an opening brief are forfeited); *see also Pereida v. Wilkinson*, 592 U.S. 224, 227 (2021); 8 C.F.R. § 1240.8(d) (explaining that the burden of proof in removal proceedings lies with the noncitizen). Further, the IJ also found that Morales-Lopez was not entitled to cancellation of removal as a matter of discretion, and we lack jurisdiction to review an agency's discretionary determination as to cancellation of removal. *See Wilkinson*, 601 U.S. at 225 n.4. We therefore deny Morales-Lopez's petition as to his application for cancellation of removal.

2. Morales-Lopez's voluntary departure arguments also fail. He argues that the BIA erred as matter of law by finding that he had not demonstrated sufficient rehabilitation to merit voluntary departure as a matter of discretion. Morales-Lopez does not contend that the IJ or BIA relied on improper factors or failed to consider probative evidence in making their discretionary determination, rather, he disputes their weighing of the equities. "[W]e lack jurisdiction to reweigh the agency's exercise of discretion in denying voluntary departure." *See Zamorano v.*

*Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021); *see also Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022). We also discern no legal error in the discretionary determination; the IJ identified and considered both the positive and negative factors and weighed them individually and in the aggregate. *See Zamorano*, 2 F.4th at 1221.

**PETITION DENIED.**[1]

---

[1] Petitioner's motion to stay removal, Dkt. 2, is also denied.